# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| QUENTIN LINK, a minor, by Next Friend and Legal Guardian, Iris Link, and by IRIS LINK individually ) ) ) ) | Case No. 3:12-472 |
| Plaintiffs, ) ) | Judge Trauger |
| v. ) ) | |
| METROPOLITAN NASHVILLE BOARD OF PUBLIC EDUCATION, HARPETH VALLEY ELEMENTARY SCHOOL, and KIMBER HALLIBURTON, individually and in her official capacity as principal of Harpeth Valley Elementary School ) ) ) ) ) ) ) | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS METROPOLITAN BOARD OF PUBLIC EDUCATION AND HARPETH VALLEY ELEMENTARY

Defendants, Metropolitan Board of Public Education and Harpeth Valley Elementary Schools, appearing specially for the purpose of filing this motion to dismiss, submit this memorandum of law in support of their motion to dismiss this case against them pursuant to Fed. R. Civ. P. 12(b)(2) & (6).

Plaintiffs have sued the Metropolitan Board of Public Education (the "Board"), Harpeth Valley Elementary School (HVES"), and HVES Principal Kimber Halliburton, alleging violations of their federal rights under various statutes and theories. However, the Board is not an entity capable of being sued. See Haines v. Metropolitan Government, 32 F. Supp. 2d 991, 994 (M.D. Tenn. 1998) (Echols, J.) ("the Metropolitan Board of Public Education is not capable

of being sued separately and distinctly from the Metropolitan Government"). And the same would hold true of HVES, one of dozens of Metro Schools operating under the Board's supervision.

The capacity of a party to be sued in this instance is governed by the laws of the State of Tennessee. Fed. R. Civ. P. 17(b); Haines, 32 F. Supp. 2d at 994. "Under Tennessee law, the rights, powers, and duties of a municipal corporation such as [the] Metropolitan Government are determined by the corporation's charter as well as the general law of the state." Id. (citing Barnes v. City of Dayton, 392 S.W.2d 813, 817 (Tenn.1965)). These powers and duties should be "strictly construed." Haines, 32 F. Supp. 2d at 994 (citations omitted). In the absence of a grant of authority to sue and be sued, plaintiff's lawsuit cannot be maintained against the Board. Id.

Section 1.01 of the Metropolitan Charter provides that the Metropolitan Government shall have the capacity to sue and be sued. Metropolitan Charter, § 1.01 (copy attached to Motion as Exhibit A). Section 9.01 of the Charter establishes the system of public schools for the Metropolitan Government. Metropolitan Charter, § 9.01 (copy attached to Motion as Exhibit B). When read together, Charter Sections 9.01 and 9.03 specify that the public school system is administered and controlled by the Metropolitan Board of Public Education. Metropolitan Charter, § § 9.01, 9.03 (copy attached to Motion as Exhibit C). However, the powers and duties of the school system and the Board do not include the capacity to sue and be sued. Haines, 32 F. Supp. 2d at 994. And the Charter contains no language suggesting that individual schools within the Nashville public school system would be amenable to suit.

The Board was not granted the power to sue and be sued by the Metropolitan Charter; thus, it is not a proper party defendant in the instant case, and Plaintiffs' claims against it should be dismissed. As for HVES, it is unaware of any statutory or common law authority that would

R:\L\L-15000+\L-15583\Pleadings\Motions & MOL\Metro\Drafts\MOL-MoDismissBDofED.doc
Case 3:12-cv-00472   Document 19   Filed 06/29/12   Page 2 of 3 PageID #: 134

2

render it amenable to suit. HVES itself is not a legal entity separate and apart from the Board of Education and/or the Metropolitan Government. Thus, HVES should be dismissed as a Defendant as well.

> Respectfully Submitted,
>
> THE DEPARTMENT OF LAW OF THE
> METROPOLITAN GOVERNMENT OF
> NASHVILLE AND DAVIDSON COUNTY
> SAUL SOLOMON (#11689)
> DIRECTOR OF LAW
>
> /s/ Keli J. Oliver
> Keli J. Oliver (#21023)
> Derrick C. Smith (#13961)
> Assistant Metropolitan Attorneys
> 108 Metropolitan Courthouse
> P.O. Box 196300
> Nashville, Tennessee 37219
> (615) 862-6341

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded via the court's electronic filing system to: Jonathan H. Wardle, Wardle Law, PLC, 8120 Sawyer Brown Road, Suite 101, Nashville, TN 37221, and J.K. Simms and Jennifer Milam, Cornelius & Collins, LLP, Nashville City Center, Suite 1500, 511 Union Street, Nashville, Tennessee, 37219, on this the 29th day of June, 2012.

> /s/ Keli J. Oliver
> Keli J. Oliver