IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

QUENTIN LINK, a minor, by Next Friend )
and Legal Guardian, Iris Link, and by )
IRIS LINK individually ) Case No. 3:12-472
)
    Plaintiffs, ) Judge Trauger
)
v. )
)
METROPOLITAN NASHVILLE BOARD )
OF PUBLIC EDUCATION, HARPETH )
VALLEY ELEMENTARY SCHOOL, and )
KIMBER HALLIBURTON, individually )
and in her official capacity as principal of )
Harpeth Valley Elementary School )

    Defendants.

## ANSWER TO AMENDED COMPLAINT

The Metropolitan Government answers Plaintiffs' Amended Complaint as follows:

    1.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

    2.    Admitted.

    3.    Admitted that Kimber Halliburton is an employee of the Metropolitan Government and is currently principal at Harpeth Valley Elementary. The remaining allegations of this paragraph are not directed at this Defendant and thus require no response from this Defendant.

    4.    Denied.

    5.    Admitted that jurisdiction is proper in this Court. Denied that Plaintiffs are entitled to relief under any of the authorities referenced in this paragraph.

    6.    Admitted that venue is proper in this Court.

7. Denied.

8. Defendant lacks sufficient information to admit or deny the allegations of this paragraph regarding Quentin Link's "difficulties processing auditory and visual cues" and demands strict proof thereof. It is admitted that Quentin Link has been diagnosed with ADHD.

9. To the extent the allegations of this paragraph are directed at this Defendant, they are denied.

10. Defendant lacks sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that Quentin Link committed numerous disciplinary infractions since beginning kindergarten at Harpeth Valley Elementary. The remaining allegations of this paragraph are denied.

18. Denied.

19. Admitted that Iris Link attended field trips and had frequent communications with teachers and administrators. The remaining allegations of this paragraph are denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted that Quentin Link continued to commit disciplinary infractions throughout his second grade year. The remaining allegations of this paragraph are denied.

24. Admitted that Quentin Link was given an IEP on or about November 2, 2010. The remaining allegations of this paragraph are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied that the school failed to follow the IEP and that Ms. Halliburton "refused to explain the school's failure to follow the IEP." Admitted that Ms. Link filed a complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant lacks sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

38. Defendant lacks sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

39. Denied.

40. The provisions of the notice of expulsion speak for themselves. To the extent the allegations of this paragraph are inconsistent therewith, they are denied.

41. Admitted.

42. Admitted that the Level I committee did not uphold the charge of violation of Code of Conduct Rule 29 regarding bullying. The remaining allegations of this paragraph are denied.

43. Denied.

44. Admitted that the Level I committee did not uphold the charge of violation of Code of Conduct Rule 29 regarding bullying and that the term of Quentin Link's expulsion was modified to six months. The remaining allegations of this paragraph are denied.

45. Admitted.

46. The provisions of the letter informing the parties of the Level II decision speak for themselves. To the extent the allegations of this paragraph are inconsistent therewith, they are denied.

47. Admitted.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. This paragraph contains no factual allegations that this Defendant is required to admit or deny.

56. Defendant lacks sufficient information to admit or deny the allegations of the first sentence of this paragraph and demands strict proof thereof. The second sentence of this

paragraph is not a factual allegation, but instead a legal conclusion that Defendant is not required to admit or deny. It is expressly denied that Quentin Link's behavioral problems relate to any disability.

57. Denied.

58. Denied.

59. Denied, except that Defendant admits that Quentin Link was repeatedly written up and/or suspended.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. This paragraph contains no factual allegations that this Defendant is required to admit or deny.

72. Defendant lacks sufficient information to admit or deny the allegations of the first sentence of this paragraph and demands strict proof thereof. The second sentence of this paragraph is not a factual allegation, but instead a legal conclusion that Defendant is not required

to admit or deny. It is expressly denied that Quentin Link's behavioral problems relate to any disability.

73. Admitted that Harpeth Valley administrators were made aware at some point that Quentin had been diagnosed with ADHD and that he had reportedly had an allergic reaction to medication.

74. Denied.

75. Denied.

76. Denied.

77. Admitted that Quentin Link was given an IEP in November 2010. The remaining allegations of this paragraph are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Admitted that a notice of expulsion was prepared on or about May 11, 2011, with the expulsion to begin on May 12.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. This paragraph contains no factual allegations that this Defendant is required to admit or deny.

90. Defendant lacks sufficient information to admit or deny the allegations of the first sentence of this paragraph and demands strict proof thereof. The second sentence of this paragraph is not a factual allegation, but instead a legal conclusion that Defendant is not required to admit or deny. It is expressly denied that Quentin Link's behavioral problems relate to any disability.

91. The allegations of this paragraph constitute legal conclusions rather than factual allegations that Defendant is required to admit or deny. To the extent that there are factual allegations herein, it is admitted that Quentin Link is between 6 and 17 years of age and was zoned for Harpeth Valley Elementary. It is further admitted that, absent his severe behavior problems, which are not a manifestation of any disability, he would meet the essential requirements to be provided an education at Harpeth Valley Elementary. It is expressly denied that Quentin Link's behavioral problems relate to any disability.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied

97. This paragraph contains no factual allegations that this Defendant is required to admit or deny.

98. Admitted upon information and belief.

99. Admitted that Quentin Link has received a diagnosis of ADHD. Defendant lacks sufficient information to admit or deny the allegations regarding whether Quentin Link is "African American" in that certain school forms listed his race as "white," while others listed his

race as "biracial" or "African American." Defendant would further state that Quentin Link's father appears to be Caucasian.

100. The allegations of this paragraph constitute legal conclusions rather than factual allegations that Defendant is required to admit or deny. To the extent that there are factual allegations herein, the Metropolitan Government would admit that it is the proper Defendant for Plaintiffs' Title VI claim. It is expressly denied, however, that Plaintiff is entitled to relief under Title VI or any other provision of the Civil Rights Act.

101. Admitted that Kimber Halliburton is an employee of the Metropolitan Government and is currently principal at Harpeth Valley Elementary. The remaining allegations of this paragraph are denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. This paragraph contains no factual allegations that this Defendant is required to admit or deny.

114. Admitted upon information and belief.

115. Admitted that Quentin Link has received a diagnosis of ADHD. Defendant lacks sufficient information to admit or deny the allegations regarding whether Quentin Link is "African American" in that certain school forms listed his race as "white," while others listed his race as "biracial" or "African American." Defendant would further state that Quentin Link's father appears to be Caucasian.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. This paragraph contains no factual allegations that this Defendant is required to admit or deny.

129. Denied.

130. Denied.

131. Denied.

132. To the extent the allegations of this paragraph are directed at this Defendant, they are denied.

133. To the extent the allegations of this paragraph are directed at this Defendant, they are denied.

134. To the extent the allegations of this paragraph are directed at this Defendant, they are denied.

135. Denied.

## GENERAL AND AFFIRMATIVE DEFENSES

1. Defendant denies that Plaintiffs are entitled to any of the relief set forth in their prayer for relief and denies it is liable to Plaintiffs in any amount or under any theory whatsoever.

2. Plaintiffs have failed to exhaust their administrative remedies.

3. Plaintiff Iris Link lacks standing to bring certain of the claims in this lawsuit.

4. This Defendant is immune from punitive damages.

5. Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

6. Plaintiff has not alleged any conduct on the part of the Metropolitan Government that rises to the level of a constitutional violation or a violation of other federal law.

7. Plaintiff has not alleged any policy, custom, or practice of the Metropolitan Government that resulted in a constitutional violation or a violation of other federal law.

8. Decisions by local school officials are presumed to have been made in good faith.

9. There is no private right of action under the Tennessee Constitution.

10. The Complaint fails to state a claim upon which relief can be granted against this Defendant.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, this Defendant prays:

1. That this be accepted as its answer herein;

2. That this cause be dismissed and held for naught;

3. That all costs and other reasonable fees, including attorneys' fees, be charged to and borne by the Plaintiff;

4. For a jury trial;

5. For such other relief as the Court deems appropriate.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
SAUL SOLOMON (#11689)
DIRECTOR OF LAW

/s/Keli J. Oliver
Keli J. Oliver (#21023)
Derrick C. Smith (#13961)
Assistant Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been forwarded via the court's electronic filing system to: Jonathan H. Wardle, Wardle Law, PLC, 8120 Sawyer Brown Road, Suite 101, Nashville, TN 37221, and J.K. Simms and Jennifer Milam, Cornelius & Collins, LLP, Nashville City Center, Suite 1500, 511 Union Street, Nashville, Tennessee, 37219, on this the 13th day of August, 2012.

/s/ Keli J. Oliver
Keli J. Oliver