IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

QUENTIN LINK, a minor, by Next Friend )
and Legal Guardian, Iris Link; and )
IRIS LINK, individually )
)
    v. ) NO. 3:12-0472
)
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY )

# SCHEDULING ORDER

By Order entered January 6, 2015 (Docket Entry No. 49), this civil action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure, for case management, decision on all pretrial, nondispositive motions, report and recommendation on all dispositive motions, and to conduct any necessary proceedings.

The action was filed May 11, 2012, by Plaintiff Iris Link, individually, and as Next Friend and Legal Guardian for Quentin Link, a minor. The Plaintiffs allege that school officials at the Harpeth Valley Elementary School failed to accommodate the minor's ADHD and singled him out for disciplinary action, which included write-ups, suspensions, and ultimately, expulsion from the school. The Plaintiffs assert claims under the Individuals with Disabilities Education Act, the Rehabilitation Act, the Americans with Disabilities Act,

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment of the U.S. and Tennessee Constitutions.

By Order entered July 11, 2012 (Docket Entry No. 24), the initial case management conference was continued pending resolution of dispositive motions and a discovery stay was entered until the initial case management conference was rescheduled. By Order entered July 24, 2012 (Docket Entry No. 26), defendants Metropolitan Nashville Board of Public Education and Harpeth Valley Elementary School were dismissed from the action. The Metropolitan Government of Nashville and Davidson County ("Metro") was subsequently added as a defendant by an Amended Complaint (Docket Entry No. 30). By Order entered September 28, 2012 (Docket Entry No. 35), the Court granted the motion to dismiss filed by Defendant Kimber Halliburton, the Harpeth Valley Elementary School Principal, leaving Metro as the only remaining defendant.

Review of the docket in the action shows that the initial case management conference has not been reset and the discovery stay has not been lifted. By Order entered November 21, 2014 (Docket Entry No. 46), counsel for the Plaintiffs was permitted to withdraw and the Court set a deadline of January 5, 2015, by which new counsel was to enter an appearance for the Plaintiffs or they would be presumed to be proceeding pro se. No appearance by counsel has been made on behalf of the Plaintiffs.

Given the prior proceedings in this action, the stay of discovery is LIFTED and, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, all further pretrial preparation in this action shall take place according to the following schedule.

## I. GENERAL COURT RULES AND PROCEDURES

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing party or their counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing which does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings sent to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should contact the clerk's office, with the docket entry number of the document if possible, about obtaining copies. The cost of copying is .50¢ per page.

The parties are required to keep both the Court and the opposing party or its counsel informed of their current addresses. The plaintiff's failure to keep the Court informed of his current address may result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with the Court's order.

## II. PRETRIAL DEADLINES

### Amendment of Pleadings

Given the time that has passed since the filing of the Complaint and Amended Complaint and the filing of Defendant Metro's Answer, future motions to amend the pleadings will be permitted only upon a showing of good cause.

### Discovery

All discovery shall be completed by **May 1, 2015**. By this, the Court means that all written discovery should be served far enough before the discovery completion date, i.e. at least thirty days prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery requests upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is filed as an attachment to a motion. A Court order is not required for a party to engage in discovery and discovery is not stayed upon the filing of any motion unless specifically ordered by the Court.

## Discovery Motions

All discovery motions must be filed by **May 1, 2015**. All discovery motions must comply with the applicable requirements contained in Rules 26-37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of Court.

## Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **May 18, 2015**.

It is So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge